UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES E. GORDON,

                       Plaintiff,

            -against-

SUFFOLK COUNTY, SARGENT THORTON,
SUFFOK POLICE,

                       Defendants.
-------------------------------------------------------------------X

**ORDER**

18-CV-4696 (JMA)(GRB)

**AZRACK, United States District Judge:**

On August 20, 2018, pro se plaintiff James E. Gordon ("Plaintiff") commenced this action against Suffolk County, Sargent Thorton, and the Suffolk Police Department (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. Accompanying the complaint is an application to proceed in forma pauperis. The Court grants Plaintiff's request to proceed in forma pauperis and sua sponte dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) for the following reasons.

### I. BACKGROUND[1]

Plaintiff's complaint is submitted on the Court's Section 1983 complaint form and is difficult to comprehend. It appears that Plaintiff's firearms are being held by the Suffolk County Police Department's property section over his objection. Plaintiff apparently seeks to "donate" his guns to his "nonprofit foundation" but claims that Sargent Thorton won't permit him to do so unless Plaintiff provides him with a letter from a doctor that says Plaintiff will not "harm [himself] or anyone else" if Plaintiff's firearms are returned. (Compl. at 9.) Plaintiff alleges that he "had trouble with his first doctor" who "refused to do a[n] evaluation or give any letter," (Compl. at 8),

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

and claims that his new "doctor and office personal [sic] are very afraid of the [S]uffolk [P]olice [and] [f]or safety reasons I cannot give out his name unless the judge asks me personal[ly]." (Compl. at 9.)

Annexed to the complaint are copies of letters that Plaintiff apparently wrote to Suffolk County Police Commissioner Hart, the Suffolk County Police Department's property vault, and the Internal Revenue Service. (See Compl. Ex. 1.) These letters describe an alleged conspiracy spanning some seventeen years against Plaintiff and his mother involving, among others, the Suffolk County Police, the Suffolk County District Attorney, and the Red Cross in an apparent effort to drive them out of Suffolk County. According to Plaintiff, after he and his mother observed "beer drinking in the courthouse in a court room years ago," he and his mother have been "threatened" over the phone and "in the pistol license section," and that "internal affairs refused to help with the threats done to us." (Compl. Ex. 1 at 1.) Plaintiff also complained that the FBI refused to help and the Internal Revenue service "wanted my mother and I to leave Long Island because they said they was [sic] afraid someone will go after us because of what we uncovered in conspiracies." (Id.) Plaintiff also describes that "his home phone was wiretapped," his "computer was hacked," and, in 2012, "[a]ll our tax records was [sic] removed from our computer from the internet and all letters to internal revenue service CID was [sic] removed that was [sic] on WordPerfect." (Id. at 2.)

Plaintiff also claims that he intends to write a book about Suffolk County and that an email from his publisher was "intercepted just after they sent it to us." (Id. at 3.) On another occasion, Plaintiff describes that his "phone shut down" after he "just got done calling the NRA." (Id.) Plaintiff also claims he "heard 2 people talking very low" and his phone "was being tapped because someone wants to know what we will write about in our book about Suffolk [C]ounty." (Id.)

According to Plaintiff, the conspiracy is "some how related to 911." (Id. at 4.)

As a result of the foregoing, Plaintiff seeks to recover a monetary award in the sum of $3 million for himself and an additional $2 million for his foundation. (Compl. at 9–10.)

## II. DISCUSSION

**A.    *In Forma Pauperis* Application**

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed in forma pauperis is granted.

**B.    Standard of Review**

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read the Plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (internal citation omitted).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather, the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation

marks and citations omitted); cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

However, the Supreme Court has held that a district court has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an in forma pauperis complaint. Denton v. Hernandez, 504 U.S. 25, 32 (1992). The Second Circuit instructs that "[a] court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless— that is, they are fanciful, fantastic, or delusional. Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (internal quotations marks and citations omitted). "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33; see Khalil v. United States, 17-CV-5458, 2018 WL 443343, at *3 (E.D.N.Y. Jan. 12, 2018).

**C.    Analysis**

Here, the pro se complaint contains no cognizable claims against any defendant. Plaintiff's allegations, even under the very liberal reading afforded to pro se pleadings (and even

4

if plaintiff believes them to be true), can only be described as frivolous and "clearly baseless." Denton, 504 U.S. at 32; Gallop, 642 F.3d at 368. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, this action is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) without leave to replead. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

### III. CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed in forma pauperis is granted, but the complaint is sua sponte dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i)-(ii). The Clerk of the Court is directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

/s/ JMA
Joan M. Azrack
United States District Judge

Dated: January 28, 2019
Central Islip, New York